**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2011[*]
Decided April 13, 2011

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-3590

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division |
| *v.* | No. 09 CR 790 |
| JOSE O. MEDINA-SUAREZ,<br>    *Defendant-Appellant*. | Ronald A. Guzmán<br>*Judge*. |

**O R D E R**

Jose Medina-Suarez, a citizen of Mexico, was removed from the United States in 2004 but returned a few months later without permission. His arrest for a traffic offense led to federal prosecution under 8 U.S.C. § 1326(a). Medina-Suarez pleaded guilty, and at sentencing he argued that he should receive a prison term below the guidelines range of 46 to 57 months because the Northern District of Illinois does not have a "fast track" program.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

Prosecutors in a number of judicial districts offer shorter sentences to defendants charged under §1326(a) if they plead guilty promptly and also satisfy other qualifying criteria. Medina-Suarez argued that the small number of fast-track programs creates an unwarranted sentencing disparity between districts. The district court commented that the limited availability of fast-track programs is "a little bit offensive" but agreed with the prosecutor that our precedent precluded consideration of the claimed disparity. The court did not say how it would have responded to Medina-Suarez's argument if given the discretion to do so. The court did agree with Medina-Suarez that his criminal history category was overstated, and on that basis sentenced him below the guidelines range to 41 months.

On appeal Medina-Suarez argues that the district court erred by not considering his fast-track argument. At the time of sentencing, our precedent did not allow a district court to award a below-guidelines sentence because of a disparity created by fast-track programs. *See United States v. Olmeda-Garcia*, 613 F.3d 721, 725 (7th Cir. 2010); *United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006). But while Medina-Suarez's appeal was pending, we overturned that precedent and held that a sentencing court should be able to consider the lack of a fast-track program when crafting an individual sentence. *United States v. Reyes-Hernandez*, 624 F.3d 405, 422 (7th Cir. 2010).

In view of *Reyes-Hernandez*, the district court committed a procedural error by categorically excluding Medina-Suarez's fast-track argument as a sentencing consideration. The government concedes that the error might have affected the sentence imposed, and thus the error is not harmless. *See United States v. Anderson*, 604 F.3d 997, 1003 (7th Cir. 2010).

Medina-Suarez's sentence is VACATED and his case is REMANDED for re-sentencing.